

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
T  +1 202 637 5600

July 29, 2024

**By Electronic Court Filing**

The Honorable Vernon D. Oliver
United States District Judge
United States Courthouse
450 Maine Street
Hartford, Connecticut 06103

Re:  *Trustees of the Int'l Union of Bricklayers and Allied Craftworkers, Local 1 Conn. Health Fund et al. v. Elevance Health, Inc. et al.*, No. 3:22-cv-01541-VDO

Dear Judge Oliver,

Defendants respectfully submit this letter pursuant to the Court's Pretrial Practices to request a pre-filing conference in September regarding Defendants' potential Rule 12 motion, following a conferral period in which the parties will attempt to reach agreement on the operative set of contracts between Plaintiffs and Anthem Health Plans, Inc. d/b/a Blue Cross and Blue Shield of Connecticut ("Anthem BCBS-CT").  Plaintiffs join the request for a conference in September.

To briefly recap, Plaintiffs are the trustees of health funds for two Connecticut-based unions who contracted with Defendant Anthem BCBS-CT for certain administrative services relating to their health plans.  Plaintiffs sued Anthem BCBS-CT; its parent company, Elevance Health, Inc.; and several other BCBS plans outside of Connecticut with whom Plaintiffs have no contractual relationship.  Plaintiffs allege that Defendants violated ERISA by (1) failing to disclose unlimited claims data, regardless of the parties' negotiated contractual requirements; and (2) allegedly applying incorrect pricing to reimbursement claims relating to medical services received by Plaintiffs' members.  Plaintiffs bring suit on behalf of themselves and also seek to represent a putative nationwide class of all ERISA self-funded plans contracting with Defendants since 2016.  This Court previously dismissed Plaintiffs' claims without prejudice, finding that Plaintiffs failed to plausibly allege that Defendants were ERISA fiduciaries.  *See* MTD Order, ECF No. 86.  Plaintiffs filed an Amended Complaint.  *See* ECF No. 91.

**Pre-Motion Conferral Regarding Parties' Contracts:**  The parties have begun a process to try to reach agreement on the operative Administrative Services Agreements between Plaintiffs and Defendant Anthem BCBS-CT.  On July 9, 2024, Defendants requested that Plaintiffs provide the ASAs that are quoted in (but not attached to) the Amended Complaint and that Plaintiffs believe are operative.  On July 19, 2024, Plaintiffs provided the ASAs in their records.  Based on Defendants' review to date, the ASAs in Plaintiffs' records may be incomplete, for example,

missing certain amendments. And Defendants also attached to their original motion to dismiss a subsequent agreement for one of the Plaintiffs (Local 1). In the interest of efficiency, the parties have agreed to confer to attempt to reach agreement on the correct set of contracts before Defendants file a Rule 12 Motion or Answer. A common understanding of the operative contracts will allow both the parties and the Court to better assess the sufficiency of Plaintiffs' claims and Defendants' defenses.

To that end, counsel for the parties have spoken and the parties jointly request that the Court allow the parties until August 30, 2024, to confer and try to reach agreement regarding the operative set of contracts. By August 30, 2024, the parties will submit a status report and, if needed, a proposed Rule 12 Motion briefing schedule and request for a pre-filing conference in September.

**Basis for Potential Rule 12 Motion**: Per the Court's pre-motion letter requirements, Defendants provide below grounds for dismissal that they may raise in a Rule 12 Motion, based on their review to date. These grounds may change or be narrowed after further analysis once the parties have identified the correct set of contracts.

*Defendants are not ERISA fiduciaries.* This Court previously dismissed Plaintiffs' Complaint because it failed to plausibly allege that Defendants are functional ERISA fiduciaries, as required to state their claims. The Court evaluated three functions: (1) a provider contracting function, ECF No. 86 at 17; (2) a pricing function, *id.* at 14-15; and (3) a provider payment function, *id.* at 14. The Court found that none triggered fiduciary status. *Id.* at 14-17.

In their Amended Complaint, Plaintiffs continue to premise their claims on these same three functions. *See, e.g.*, ECF No. 91 at 36 ("Anthem is a fiduciary and violates ERISA when it negotiates provider agreements."); *id.* at 37 ("Anthem is a fiduciary when it prices self-funded plan network provider claims and violates ERISA when it fails to apply negotiated rates."); *id.* at 42 (alleging Anthem is a fiduciary "when it administers self-funded health plans' claims payments"). Those functions are no more sufficient to trigger ERISA fiduciary status now than they were before. At bottom, Plaintiffs continue to challenge business decisions or non-discretionary functions—including the contractual mandate that Anthem BCBS-CT apply the in-network rate that it negotiated with providers to Plaintiffs' reimbursement claims. While Plaintiffs have added language to their Amended Complaint attempting to portray Anthem BCBS-CT's performance of these three functions as complex, complexity does not make these functions any less mandatory. *See Mass. Laborers' Health and Welfare Fund v. Blue Cross Blue Shield of Mass.*, 66 F.4th 307, 321 (1st Cir. 2023) (rejecting argument that "confuses the complexity of the medical issues involved with the question of whether [the defendant] had discretion").

Plaintiffs allege two additional functions in the Amended Complaint. Neither triggers ERISA fiduciary status. First, Plaintiffs allege that—as purportedly contemplated in the parties' contracts—Anthem BCBS-CT may take steps to recoup certain overpayments to providers, which may occur due to billing errors or other issues. *See* ECF No. 91 at 41-42. As several courts have found, however, such overpayment recovery efforts do not trigger fiduciary status. *See, e.g.*, *Mass. Laborers'*, 66 F.4th at 321-22 (finding various overpayment recovery activities were not fiduciary functions). Second, Plaintiffs allege that—as purportedly contemplated in the parties' contracts— Anthem BCBS-CT may share in savings achieved by correcting billing errors, detected through

add-on programming, before payment is made.  *See* ECF No. 91 at 39-40.  That is not a fiduciary function, either.  *See, e.g. Central Valley AG Coop. v. Leonard*, 400 F. Supp. 3d 819, 835 (D. Neb. 2019) (administering cost-saving mechanisms in exchange for shared savings, "in compliance with the terms of [the contracts]," does not trigger fiduciary status).  Even if either of these additional functions were a fiduciary function, moreover, Plaintiffs' ERISA claims would be limited to those narrow functions.  *See, e.g.*, *Plumb v. Fluid Pump Serv., Inc.*, 124 F.3d 849, 854 (7th Cir. 1997) (An entity "may be an ERISA fiduciary for some purposes, but not for others.").

*Plaintiffs fail to state a claim under ERISA.*  Defendants anticipate raising again arguments that even if any one of them were an ERISA fiduciary, Plaintiffs fail to plausibly allege that Defendants violated an ERISA fiduciary duty by adhering to the parties' contractually negotiated limits on claims data.  *See* Defs' MTD, ECF No. 41-1, at 22-31.  Nor do Plaintiffs state a plausible claim for prohibited transactions for many of the same reasons as before.  *See id.* at 39.  Nor does Anthem BCBS-CT's alleged receipt of fees for overpayment recovery or pre-payment billing integrity review, when the parties' contracts allegedly contemplate exactly that.  *See, e.g.*, *Central Valley AG Coop.*, 400 F. Supp. 3d at 842-43.  Further, Plaintiffs' claims based on Section 724, enacted in December 2020, cannot extend to alleged conduct pre-dating December 2020.  *See* ECF No. 41-1, at 44.  And, Plaintiffs' claims based on Section 408(b)(2), *see, e.g.,* ECF No. 91, ¶¶ 133, 146, cannot extend to conduct pre-dating December 2021, the effective date as to group health plans.

*Plaintiffs lack standing to sue Non-Contracting Defendants.*  If Defendants file a motion to dismiss the Amended Complaint, Defendants anticipate that the Court will have the information it needs to rule on the issue of standing.  Even the contracts Plaintiffs have identified to date show that Plaintiffs only contracted with Anthem BCBS-CT.  Plaintiffs therefore lack standing to sue the other BCBS plans operating in other states.  *See Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 61-63 (2d Cir. 2012) (finding plaintiff in putative class action lacks standing to sue insurance companies that did not contract with Plaintiff, even though they were subsidiaries of the same parent company of the insurance company that contracted with Plaintiff).  Plaintiffs also lack standing to sue Elevance Health, Inc.  *See Lines v. Hartford Fin. Servs. Grp., Inc.*, 2022 WL 408820, at *4 (D. Conn. Feb. 10, 2022) (dismissing ERISA claims against parent company).

**Proposed Next Steps**: To better inform the parties' and Court's evaluation of the parties' claims and defenses, Defendants request that the Court allow the parties until August 30, 2024, to confer and try to reach agreement regarding the operative set of contracts.  The parties' conferral may narrow the Rule 12 issues Defendants have described above or other issues in this matter.  By August 30, 2024, the parties will submit a status report and, if needed, a proposed Rule 12 Motion briefing schedule and request for a pre-filing conference in September.

Respectfully Submitted,

*/s/ Michael G. Durham*
Michael G. Durham (ct05342)
*Counsel for Defendants*

cc: All counsel of record (via ECF)